NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 14 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARDONIO CRUZ-RUIZ,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-2885

Agency No.
A209-145-366

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 3, 2025[**]
Phoenix, Arizona

Before: W. FLETCHER, WALLACH[***], and R. NELSON, Circuit Judges.

Petitioner, Mr. Mardonio Cruz-Ruiz ("Cruz-Ruiz"), is a citizen of Mexico.

The Department of Homeland Security issued an order of removal against him,

pursuant to 8 U.S.C. § 1182(a)(6)(A)(i), as a noncitizen illegally residing in the

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]   The Honorable Evan J. Wallach, United States Circuit Judge for the
Federal Circuit, sitting by designation.

United States. Cruz-Ruiz filed an application for cancellation of removal. The Immigration Judge ("IJ") ruled that Cruz-Ruiz did not present sufficient evidence to merit an exception to his removal. The Board of Immigration Appeals ("BIA") affirmed without opinion. Cruz-Ruiz appeals the BIA's holding to this court.[1]

Cruz-Ruiz's underlying Petition and this petition for review turn on a statute under which a noncitizen's removal can be cancelled if the alien's removal would result in "exceptional and extremely unusual hardship" to a U.S.-citizen or permanent-resident family member. 8 U.S.C. § 1229b(b)(1)(D). Our review of these determinations is limited to "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D); 8 U.S.C. § 1252(a)(2)(B)(i) ("[N]o court shall have jurisdiction to review . . . any judgment regarding the granting of relief under section . . . [8 U.S.C. §] 1229b."). Simply put, "[t]he facts underlying any determination on cancellation of removal [are] unreviewable," while "the question whether those established facts satisfy the statutory eligibility standard is subject to judicial review." *Wilkinson v. Garland*, 601 U.S. 209, 225 (2024).

Cruz-Ruiz argues that his removal would lead to "exceptional and extremely unusual hardship" for his biological daughter, Araceli Cruz, because she relies on Cruz-Ruiz's income to pay for the medication used to treat her asthma. Araceli is a twenty-year-old U.S. citizen.

---

[1] Because the parties are familiar with the facts, we do not fully recount them here.

The IJ denied Cruz-Ruiz's application due to Cruz-Ruiz's failure to meet "the heightened standard of hardship for the relief to be granted." In support of this conclusion, the IJ noted the income brought in by Cruz-Ruiz's wife and adult child; the possibility of financial assistance from Cruz-Ruiz's wife's family in the United States; Araceli's entitlement to "all the benefits in this country" as a United States citizen; the lack of evidence affirmatively demonstrating Cruz-Ruiz's inability to find work in Mexico; and the belief that Araceli's asthma does not present a "compelling medical need" because it is controlled by medication.

We deny Cruz-Ruiz's Petition. It primarily raises factual challenges, which we lack jurisdiction to consider. 8 U.S.C. § 1252(a)(2)(B)(i). Even if we interpreted Cruz-Ruiz's Petition as raising reviewable mixed questions of fact and law, Cruz-Ruiz's Petition does not provide a sufficient basis to disturb the IJ's decision under the "deferential" standard for mixed questions of law and fact. *Wilkinson*, 601 U.S. at 225.

Petitioner alleges the IJ failed to "consider" several points, but this merely challenges the IJ's factfinding because the IJ *did* consider the very issues to which Petitioner now points. Cruz-Ruiz suggests the IJ ignored evidence related to Araceli's medical needs, the ability of Mr. Cruz-Ruiz's wife's family in the United States to support Araceli, and Cruz-Ruiz's own ability to find support and work in Mexico such that he could send money to his daughter back in the US. The IJ

addressed these very issues by explaining that with Araceli remaining in the United States, she will continue to take her medication as needed; Cruz-Ruiz's wife's family members in the United States may be able to assist Araceli, and there was no evidence presented to establish that Cruz Ruiz cannot secure employment and a residence in Mexico.

Even if Cruz-Ruiz's Petition is considered on the merits, its challenges to the IJ's decision are insufficient. *Wilkinson*, 601 U.S. at 225. The statute requires an "exceptional and extremely unusual hardship" to a U.S.-citizen or permanent-resident family member. 8 U.S.C. § 1229b(b)(1)(D). Petitioner fails to identify a reason for this Court to veer from the IJ's conclusions under the "deferential" standard for mixed questions of law and fact. *Wilkinson*, 601 U.S. at 225.

**PETITION FOR REVIEW DENIED.**